UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JUAN M. GARCIA,

    Plaintiff,

v.                                  Case No. 3:22cv1400-TKW-HTC

THE GEO GROUP, INC. et al.,

    Defendants.
_____/

## ORDER DENYING MOTION TO DISMISS

This case is before the Court based on Defendant Wellpath LLC's motion to dismiss (Doc. 54). No response is necessary, and upon due consideration of the motion and the operative fourth amended complaint (Doc. 51), the Court finds that the motion is due to be summarily denied.[1]

The Court dismissed the claim against Wellpath in Plaintiff's third amendment complaint for two reasons: (1) because it failed to allege facts showing that the Wellpath nurse who allegedly provided constitutionally deficient care to Plaintiff was the "final policymaker" for Wellpath with respect to medical decisions, *see* Doc. 50 at 8; and (2) because it failed to allege facts showing that the nurse knew

---

[1] The Court sees no need for a lengthy order on the motion to dismiss because the motion raises essentially the same issues that were raised in Wellpath's motion to dismiss the third amended complaint and the facts and law pertinent to these issues were discussed in detail in the order on the prior motion. *See* Doc. 50.

that Plaintiff would suffer harm if he was provided a walker rather than a wheelchair, *id.* at 11. The issue framed by Wellpath's current motion to dismiss is whether Plaintiff cured these deficiencies in the fourth amended complaint. The Court finds that he did.

With respect to the first deficiency, the fourth amended complaint alleges that the nurse who provided the constitutionally deficient care to Plaintiff had the unilateral and unconstrained authority to make medical decisions for prisoners and that her decisions were not subject to any meaningful supervision or review, *see* Doc. 51 at ¶¶31, 40, 43, 86, 87, which (if true) would make her a final policymaker and impose *Monell* liability on Wellpath. With respect to the second deficiency, the fourth amended complaint alleges that the nurse was aware of Plaintiff's medical condition and diagnosis and his need for a walker rather than a wheelchair because she had access to his medical records and instructions from the hospital, Plaintiff told her that hospital staff told him "to stay off his leg," Plaintiff told her that he was in "serious pain" when he walked, and she saw him struggling to walk, *id.* at ¶¶38, 39, 87, 88, which (if true) would support an inference that the nurse was deliberately indifferent to the risk that Plaintiff would suffer serious harm if he was not provided a wheelchair.

The Court did not overlook Wellpath's contention that these allegations are still not sufficient to state a *Monell* claim, but the Court finds its nitpicky arguments

about the allegations unpersuasive because Wellpath misconstrues the allegations and/or does not construe them in the light most favorable to Plaintiff as is required at this stage of the case.  Moreover, "[t]he Court's role in resolving a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) is not to nitpick every flaw in Plaintiff's Complaint," *Hayes v. Mariott Ownership Resorts, Inc.*, 2008 WL 2783365, at *3 (M.D. Fla. July 17, 2008), and at this point, Wellpath is essentially asking the Court to require Plaintiff to plead with greater level of specificity than is required to state a claim under the Federal Rules of Civil Procedure.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007) (noting that "the Federal Rules eliminated the cumbersome requirement that a claimant 'set out *in detail* the facts upon which he bases his claim'" (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)) (emphasis in original); *Bell v. Fla. Highway Patrol*, 325 F. App'x 758, 760 (11th Cir. 2009) (vacating order dismissing second amended complaint because even though it was not a model pleading it was "good enough").

In sum, for the reasons stated above, the Court finds that Plaintiff adequately cured the deficiencies in the third amended complaint, and even if the fourth amended complaint is not perfect, it is good enough to overcome Wellpath's motion to dismiss and to allow Plaintiff to proceed to discovery on his claim against Wellpath.  Accordingly, it is **ORDERED** that:

1. Wellpath's motion to dismiss (Doc. 54) is **DENIED**.

2.     Wellpath has 14 days from the date of this Order to answer the fourth amended complaint.  *See* Fed. R. Civ. P. 12(a)(4)(A).

**DONE and ORDERED** this 3rd day of October, 2022.

_____
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**